# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| HENRY WILSON (LDOC #111970) | CIVIL ACTION NO. 05-0860-LC |
| VS. | SECTION P |
| WARDEN, ALLEN CORRECTIONAL | JUDGE MINALDI |
| CENTER | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Henry Wilson filed the instant application for writ of *habeas corpus* (28 U.S.C. §2254) on May 20, 2005. Wilson is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana, where he is serving a twenty year hard labor sentence following his 1993 conviction on a charge of possession of cocaine and his subsequent adjudication as an habitual offender (see LSA R.S.15:529.1) in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum, and the presumptively reliable published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On April 20, 1993, petitioner was convicted of possession of cocaine. On some unspecified date thereafter, he was adjudicated a fourth felony offender and sentenced to serve twenty years at hard labor. [Doc. 1, paragraph 3].

2. Petitioner appealed his conviction and adjudication as an habitual offender to the Third

Circuit Court of Appeals. His conviction and adjudication were affirmed on April 6, 1994. Petitioner argued the following Assignments of Error: (1) Sufficiency of the evidence; (2) misapplication of the habitual offender statute; (3) ineffective assistance of counsel; (4) improper jury size; (5) court failed to consider sentencing guidelines; (6) flawed habitual offender bill of information; and, (7) insufficient number of grand jurors returned indictment. [Doc. 1, paragraph 6(a) and (b); see also *State of Louisiana v. Henry Wilson, Jr.,* 635 So.2d 494, 497-99 (La. App. 3d Cir. 4/6/94)].

3. Thereafter, petitioner sought writs in the Louisiana Supreme Court, which denied writs on September 16, 1994. See *State of Louisiana v. Henry Wilson*, 94-1208 (La. 9/16/94), 642 So.2d 192. [Doc. 1, paragraph 6(c)].

4. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, paragraph 6(d)].

5. On August 18, 1995, petitioner filed his first Application for Post-Conviction Relief in the trial court. Petitioner argued the following claims:

(1) ineffective assistance of counsel due to counsel's:

    (a) failure to suppress the statements made by an informant to the police;

    (b) failure to properly cross examine witnesses;

    (c) failure to subpoena witnesses for the defense;

    (d) failure to investigate a defense;

    (e) failure to investigate defendant's background;

    (f) failure to retain expert witness;

    (g) failure to object to the size of the jury;

   (h) conflict of interest,

   (i) failure to preserve issue of jury size; and,

 (2) sufficiency of the evidence. [Doc. 1, paragraph 7(c)(ii)].

The Application was summarily denied on September 28, 1995. [Doc. 1, paragraph 7(c)(iv)]. Petitioner did not seek further review of the Application. [Doc. 1, paragraph 7(c)(v)].

On October 20, 1995, petitioner filed an application for re-consideration of his application for post-conviction relief. On March 7, 1996, the trial court denied petitioner's application for re-consideration. On April 25, 1996, petitioner sought writs in the Third Circuit Court of Appeals. On September 5, 1996, the Third Circuit granted in part and denied in part petitioner's writ application. Petitioner was directed to provide written reasons for his failure to raise claims in the first application for Post-Conviction Relief. On October 23, 1996, the trial court denied the application. Petitioner did not seek further review in the Louisiana Supreme Court. [Doc. 1, paragraph 7(c)(v)].

 6. On August 7, 1997, petitioner filed a second Application for Post-Conviction Relief which raised unspecified claims of ineffective assistance of counsel. This Application was denied on January 22, 1998. Petitioner did not seek further review in the court of appeals. [Doc. 1, paragraph 7(e)].

 7. On July 13, 1999, petitioner filed his third Application for Post-Conviction Relief in which he sought to vacate his habitual offender adjudication. Petitioner's third Application was denied on September 3, 1999. Petitioner apparently did not seek further review in the Court of Appeals. [Doc. 1, paragraph 7(e)(vii)].

 8. The cover letter of petitioner's federal habeas petition is dated April 23, 2005, and his

Memorandum Brief in Support was signed and dated May 11, 2005. His petition was received and filed in this court on May 20, 2005. Petitioner argues two claims for relief: (1) ineffective assistance of counsel and (2) insufficiency of the evidence.

## **LAW AND ANALYSIS**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v.*

---

[1] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from any other event as provided in subsections (B), (C), or (D) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition nor does he suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Finally, petitioner does not claim that the factual predicate of his claim was only recently discovered.

*Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Wilson, whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra.* If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2), which provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

Petitioner's judgment of conviction and sentence became final in 1994. Since his conviction became final prior to the April, 1996 effective date of the AEDPA, petitioner must be afforded the one-year grace period. According to the pleadings, petitioner's first Application for Post-Conviction Relief remained pending from August 18, 1995, through October 23, 1996. Therefore, giving petitioner the benefit of every doubt, his one-year grace period commenced on October 23, 1996. Therefore, he had until October 23, 1997, within which to file his federal *habeas corpus* petition. Petitioner was able to toll prescription by filing his second Application

for Post-Conviction Relief on August 7, 1997, but, by the time he filed that application, more than nine months of the one-year limitations period had elapsed. The second Application for Post-Conviction Relief tolled the limitations period until January 22, 1998. Another eighteen un-tolled months elapsed between January, 1998 and July 13, 1999, the date petitioner filed his third Application for Post-Conviction Relief. Finally, a period of more than five un-tolled years elapsed between the date petitioner's third Application for Post-Conviction Relief was denied and the date he filed his federal petition. In short, petitioner's federal *habeas corpus* claims are manifestly and without doubt barred by the timeliness provisions of 28 U.S.C. §2244(d).

Petitioner concedes that his petition is untimely but claims that his default should be excused because he is "actually innocent" of the charges. [Doc. 1, Memorandum, p. 8]. The Fifth Circuit Court of Appeals has determined that the one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which he has been convicted. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Further, the Fifth Circuit has held that a claim of actual innocence does not constitute a "rare and exceptional circumstance" so as to justify the application of equitable tolling to overcome the time bar of § 2244(d). *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

Nevertheless, in deference to the petitioner's plight, and in recognition that the interface between actual innocence claims and the application of the AEDPA remains a developing area of the law, the court has reviewed his claim of actual innocence under the guidelines suggested by the United States Supreme Court in *Schlup v. Delo*, 115 S.Ct. 851 (1995). In that case, the

Supreme Court held that in order for a *habeas* petitioner to make a true showing of actual innocence he must (1) present new reliable evidence, (whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence); (2) that was not presented at trial; and (3) he must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. The undersigned has reviewed petitioner's pleadings and the memorandum in support. He has presented no new reliable evidence. Instead, he merely argued (in the context of his ineffective assistance of counsel claim) that had Cathy Stanton been called upon to testify at trial, "She would have testified that she was in fact smoking crack cocaine in the bathroom of the bar with a man, but with another man other than Petitioner, and who she could easily identify if called upon for such purposes." Further, according to petitioner, her testimony "...would have clearly demonstrated that Petitioner did not have any crack cocaine in his possession, but was set-up by the throw down actions of a police officer who has since been discharged from the force for molestation of juvenile, and other unethical activities that brought his reputation as an officer into question." [Doc. 1, Memorandum, pp. 18-19]. This so-called new evidence is neither new nor is it evidence. It is clearly insufficient to establish petitioner's claim of actual innocence.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE